UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN AIKEN, JR.,

      Plaintiff,

v.                                        Case No. 3:15cv299/LC/CJK

HOWARD W. MELTON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis*. Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous. *See Aiken v. Tringali, et al.*, No. 3:06cv37-J-12TEM, 2006 WL 208768 (M.D. Fla. Jan. 26, 2006) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Respondent(s) M.D. Medical, et al.*, No. 3:07cv502-J-33TEM (M.D. Fla. June 13, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Mr. Davis, et al.*, No. 3:07cv558-J-12HTS, 2007 WL 2002479 (M.D. Fla. July 5, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated). This court, alone, has dismissed five of plaintiff's civil actions under § 1915(g). *See Aiken v. Williams*, No. 3:15cv141/LC/EMT; *Aiken v. Bidwell*, No. 3:15cv140/MCR/CJK; *Aiken v. Melton*, No. 3:15cv122/MCR/CJK; *Aiken v.*

*Lofton*, No. 3:14cv306/MCR/CJK; *Aiken v. Seltzer*, No. 3:13cv562/MCR/CJK.  All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# 638376.[1]

Plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff's complaint is devoid of any such allegations, as the complaint consists entirely of a recitation of the Florida Department of Corrections' rule concerning "Routine Mail."  (Doc. 1, pp. 5-6)  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of July, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]As noted by the United States District Court for the Middle District of Florida in dismissing, under 28 U.S.C. § 1915(g), a civil rights case plaintiff filed in 2013:  "Plaintiff is not a stranger to the federal court system.  According to a PACER website search, Plaintiff has filed approximately sixty-seven prisoner civil rights actions."  *Aiken v. U.S. District Court Prosecutor, Miss Adams*, No. 5:13cv384-JES-PRL, at p. 2 n.1 (M.D. Fla. Aug. 19, 2013).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.